# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

GREGORY LAMAR PRICE-IL,

    Plaintiff,                 CASE NO. 08-CV-14472

v.                             DISTRICT JUDGE THOMAS L. LUDINGTON
                              MAGISTRATE JUDGE CHARLES E. BINDER
PHILLIP A. RAGAN, JR.,

    Defendant.
    _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## RECOMMENDING *SUA SPONTE* DISMISSAL

## I. RECOMMENDATION

**IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED** for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999). [1]

## II. REPORT

### A. Background

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned Magistrate Judge for general pretrial case management on October 29, 2008. Plaintiff's civil rights complaint was filed on October 21, 2008.

Construing the *pro se* complaint liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972), Plaintiff alleges that Defendant Ragan, a retained

---

[1] In the event this Report and Recommendation is adopted, the Motion to Dismiss filed by the Defendant on November 26, 2008 (Dkt. 3), would be moot.

attorney who is representing Plaintiff at a trial which Plaintiff is "currently engaged in," violated his civil rights by forwarding private personal information about Plaintiff to the prosecution. (Compl. at 1.) The six-paragraph complaint further claims that, on more than one occasion, Attorney Ragan told Plaintiff to be in court at the wrong date or time. (*Id*.) Plaintiff claims that this has compromised his ability to mount a successful defense. Finally, Plaintiff claims that Ragan has lied to Plaintiff's family and has applied "constant pressure" on Plaintiff to submit to a polygraph examination. (*Id*.) Plaintiff thus alleges that, due to the "duplicitous dealings of Mr. Ragan," he is certain he will not receive a fair trial. (*Id*. at 2.)[2]

**B.     Discussion**

The authority to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those complaints filed *in forma pauperis*. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999). Plaintiff in this case paid the filing fee and did not seek *in forma pauperis* status. "Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam). A district court may, however, *sua sponte* dismiss an action at any time for lack of subject matter jurisdiction when the allegations of a complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479. In such a case, the plaintiff need not be given an opportunity to amend. *Id.*

I suggest that this case be *sua sponte* dismissed for lack of subject matter because the complaint is frivolous and devoid of merit. Plaintiff claims that Defendant Ragan violated his civil rights. A civil rights action under 42 U.S.C. § 1983 may be brought against state and local officials

---

[2]The complaint does not contain a request for relief.

who, while acting under the color of state law, deprive an individual of a right secured to him by the Constitution or federal law. However, private attorneys, regardless of whether they are retained or appointed by the court, are not official state actors and are not subject to suit under § 1983 for independent judgments and actions taken during the course of representing a defendant. *See Polk Co. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Furthermore, to the extent Plaintiff has stated facts that could plausibly state a claim against Defendant Ragan for attorney malpractice, such a suit would likewise not be properly brought in federal court because the federal courts do not have jurisdiction over cases raising issues of state law where the parties both reside in the same state. *See* 28 U.S.C. §§ 1331, 1332.

Accordingly, I suggest that the complaint is devoid of merit and should be *sua sponte* dismissed.

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ Charles E Binder |
|  | CHARLES E. BINDER |
| Dated: December 5, 2008 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Ronnie Cromer, Jr., and served by first class mail on Mr. Gregory L. Price, at 4747 Dresden Court, Saginaw, MI, 48601-6607.

|  |  |
|---|---|
| Date: December 5, 2008 | By   s/Jean L. Broucek |
|  | Case Manager to Magistrate Judge Binder |